IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BRIAN M. BROWN,                              Civ. No. 04-1309-AA

    Plaintiff,                           OPINION AND ORDER

  v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

    Defendant.
_____

David B. Lowry
9900 S.W. Greenburg Road
Columbia Business Center, Suite 235
Portland, OR  97223
    Attorney for plaintiff

Karen Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Stephanie R. Martz
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
    Attorneys for defendant

1     - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for Supplemental Security Income (SSI) benefits. For the reasons set forth below, the Commissioner's decision is affirmed.

BACKGROUND

On December 26, 2001, plaintiff protectively filed an application for SSI benefits. Tr. 98-100. His application was denied initially and on reconsideration. Tr. 23-31. After plaintiff timely requested a hearing, plaintiff, his mother, and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 32, 394-448. On October 30, 2003, the ALJ issued a decision that plaintiff was able to perform his past relevant work, and that plaintiff was not disabled within the meaning of the Act. Tr. 15-21. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 5-7. Plaintiff now seeks judicial review of the Commissioner's denial of benefits. 42 U.S.C. § 405(g).

Plaintiff was twenty-six years old at the time of the ALJ's decision, with a high school equivalent education and past relevant work as a courtesy clerk and parking lot attendant. Tr. 99, 112, 319, 418. Plaintiff alleges disability since December 2000, due to learning disorders and fibromyalgia. Tr. 111.[1]

---

[1] In his application, plaintiff stated that his disability began in April of 1995, although in his injury report, he asserts that he became unable to work in December 2000. Tr. 99. The ALJ considered his alleged onset date to be December 26, 2001, the protective filing date of his application. Tr. 15.

2   - OPINION AND ORDER

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health and Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g).

Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

///

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not performed "substantial gainful activity" during the period of alleged disability. Tr. 16; Yuckert, 482 U.S. at 140; 20 C.F.R. § 416.920(b).

At steps two and three the ALJ found that plaintiff had "medically severe impairments," including a pain disorder, developmental learning disabilities, and obesity, but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 17-18; Yuckert, 482 U.S. at 140-41; see 20 C.F.R. § 416.920(c) and (d).

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work and was able to perform his "past relevant work" as a parking lot attendant. Tr. 20; 20 C.F.R. § 416.920(e). Therefore, the ALJ did not proceed to step five where the burden shifts to the Commissioner to establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. § 416.920(e) and (f).

4   - OPINION AND ORDER

DISCUSSION

Plaintiff argues that the Commissioner's decision must be reversed and remanded for an award of benefits, or alternatively, for further proceedings, because the ALJ committed several legal errors in assessing plaintiff's disability.

Plaintiff first argues that the ALJ erred by finding that his alleged fibromyalgia was not a "severe" impairment. I disagree. An severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). In Verduzco v. Apfel, 188 F.3d 1087 (9th Cir. 1999), the Ninth Circuit held that an ALJ did not error in finding the claimant's impairments non-severe, when "[n]one of the appellant's treating or examining physicians ever indicated that the appellant was disabled. Although the appellant clearly does suffer from diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are 'severe.'" Id. at 1089.

Likewise, plaintiff here presents no objective medical evidence to support the severity of his alleged impairments. Only two physicians of record address plaintiff's claim of fibromyalgia. First, plaintiff was examined by Dr. Borden for disability purposes and told Dr. Borden that he had acquired fibromyalgia secondary to a 1997 automobile accident. Tr. 325. Although Dr. Borden opined that plaintiff had "classic trigger point pain" in areas "fairly typical of fibromyalgia," he also noted that plaintiff "has excellent range of motion" in his back, and that plaintiff "moves up and down off of the table very easily." Tr. 325. Dr. Borden concluded that plaintiff's "exam [was] certainly not consistent

5   - OPINION AND ORDER

with somebody in chronic pain.  He moves very well, moves his back very well[,] so at this point I see no evidence of support that he has terrible chronic pain."  Tr. 326.  Therefore, Dr. Borden's examination does not support a finding that plaintiff's fibromyalgia is severe.

Second, on July 23, 2003, plaintiff's primary care physician, Dr. Behary, wrote a short letter indicating that plaintiff "suffers from chronic pain from fibromyalgia and chronic headaches."  Tr. 374.  However, Dr. Behary's statement was not rendered in the form of a diagnosis, and no medical report or findings accompany her letter.  Moreover, Dr. Behary gives no opinion regarding the severity of plaintiff's impairments or their affect on his ability to perform work-related activities.  Therefore, I find that the ALJ did not err in finding plaintiff's alleged fibromyalgia "non-severe."  Even if the ALJ did err, any error was harmless because he incorporated some limitations resulting from plaintiff's alleged pain in his determination of plaintiff's RFC.  Tr. 18; see Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1197 (9th Cir. 2003) (applying harmless error standard).

Plaintiff next argues that the ALJ erred by failing to assess the limitations resulting from his obesity.  However, plaintiff cites no evidence to support additional limitations other than those found by the ALJ in his determination of plaintiff's RFC.  To the contrary, Dr. Borden opined that plaintiff moved very well despite his weight.  Tr. 325.

Plaintiff also argues that the ALJ erred when evaluating the severity of plaintiff's mental impairments, because he did not comply strictly with the procedure in 20 C.F.R. § 416.920a(e)(2).

Under § 416.920(e)(2), the ALJ's "written decision . . . must incorporate the pertinent findings and conclusions based on the technique" and "show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment."

Here, the ALJ considered four criteria pursuant to Social Security Ruling 96-8p and found that the evidence of record supported no restriction in plaintiff's daily activities, mild difficulties in maintaining social functioning and moderate limitations in maintaining concentration, persistence, or pace. Tr. 18. The ALJ found no evidence that plaintiff suffered from episodes of decompensation. Tr. 18. Notably, plaintiff cites to no medical evidence that contradicts the ALJ's findings. Although the ALJ did not cite the report of Dr. Starbird, his findings are consistent with those contained in Dr. Starbird's report, and there is no other psychological report of record. Tr. 319-23. Therefore, I find no error.

Plaintiff next argues that the ALJ erred in finding plaintiff's allegations of disabling pain not credible. If a claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged, and no evidence of malingering exists, the ALJ can reject a claimant's symptom testimony only upon specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Further, the ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical

7    - OPINION AND ORDER

findings.  Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986).

In determining a claimant's credibility the Commissioner may consider:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

Smolen, 80 F.3d at 1284.

It is questionable whether plaintiff has produced any objective evidence of a medical condition that could reasonably cause the type of pain alleged.  While Dr. Behary's letter states that plaintiff suffers from chronic pain as a result of headaches and fibromyalgia, no treatment record, medical reports, or medical findings of any kind are included with her letter, and none exist in the record.  Therefore, the ALJ was free to disregard Dr. Behary's letter.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Aside from Dr. Behary's letter, no other credible medical evidence of record supports plaintiff's complaints of disabling pain.

Moreover, I find that the ALJ provided clear and convincing reasons to reject plaintiff's testimony.  The ALJ noted the lack of treatment for plaintiff's allegedly disabling impairments and inquired of plaintiff's mother whether he had received all pertinent medical records.  Tr. 19, 439-40.  Although plaintiff claimed to see Dr. Behary approximately once a month for headache

8   - OPINION AND ORDER

pain and other symptoms, Tr. 400-01, no medical reports or findings from Dr. Behary are contained in the record. Although plaintiff has sought treatment for neck keloids, including surgery and pain medication, Tr. 331-36, the record reveals no evidence that plaintiff has sought treatment for his alleged back pain. See Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir. 1995) (the "ALJ was entitled to draw an inference from the general lack of medical care for back problems"); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (claimant's failure to seek treatment "can cast doubt on the sincerity of the claimant's pain testimony").

Finally, as noted by the ALJ, both Dr. Starbird and Dr. Borden questioned the veracity of plaintiff's allegations. Dr. Starbird noted that plaintiff reported helping with housework, driving, grocery shopping, playing video games, and playing basketball. Tr. 320. Dr. Starbird remarked that plaintiff's "description of his pain and his inability to work was notable in that he expressed no distress over this problem and offered no indication that he intended to try and solve the problem." Tr. 322-23. Dr. Starbird further found that plaintiff "seemed unaware of the meaning of fibromyalgia or the recommended technique for management." Tr. 323. Finally, Dr. Starbird stated that "[t]here was no evidence that he experienced and physical discomfort during the interview. His self-report of physical problems is inconsistent with playing basketball, an activity in which he apparently engages." Tr. 323.

Dr. Borden, although noting that plaintiff's pain trigger points met the definition of fibromyalgia, pointed out that "anyone can read that in the book or over the internet these days." Tr.

325. Dr. Borden further noted that plaintiff's "back has excellent range of motion. It is really better than mine considering his weight and he moves up and down off of the table very easily." Tr. 325. Dr. Borden also found "of interest" the fact that plaintiff was not seeing a primary care physician, that he was not currently taking any medications for fibromyalgia, and that he was not pursuing any physical therapy for his alleged disabilities. Tr. 325. Dr. Borden concluded that he was unaware that fibromyalgia could be caused by an automobile accident, and that it was "suspicious that [plaintiff] has not sought any treatment or care for his condition over the last several years and his exam is certainly mot consistent with somebody in chronic pain." Tr. 326.

Given the complete absence of medical evidence supporting plaintiff's allegations, the level of his daily activities, and the opinions and conclusions of Drs. Starbird and Borden, the ALJ provided clear and convincing reasons for his credibility findings that are well supported by substantial evidence in the record.

Plaintiff also argues that the ALJ erred in discounting the lay testimony and statements. However, the ALJ noted inconsistencies between the testimony of plaintiff's mother and the statements she provided in a third-party questionnaire. Tr. 19. In contrast with her testimony, plaintiff's mother reported in the questionnaire that plaintiff was able to walk one mile, take out the trash, run errands, engage in family activities, and socialize. Tr. 122, 124, 432-33, 435-36. Further, the ALJ found that neither plaintiff's mother nor other lay witnesses were qualified to render opinions on the severity of plaintiff's mental and emotional functioning. Tr. 213-18, 225-30. Finally, the ALJ noted that none

of the third-party witness statements were supported by medical evidence or the opinions of the examining physicians. Tr. 20. Thus, I find that the ALJ provided germane reasons to discount the statements and testimony of lay witnesses. See Smolen, 80 F.3d at 1288-89; Dodrill, 12 F.3d at 919 (ALJ must give reasons germane to each lay witness).

Plaintiff next argues that the ALJ's determination of his RFC was improper, because it did not include his subjective complaints of pain. Plaintiff also maintains that the ALJ failed to consider whether he could work on a "regular and continuing" basis for eight hours a day, five days a week, and that the ALJ failed to perform a thorough functional analysis.

For the reasons explained above, I do not find that the ALJ erred by discounting plaintiff's subjective complaints of pain. The record contains no credible medical evidence that plaintiff was unable to perform regular and continuing work, and I agree with the Commissioner that the ALJ's findings encompass this ability. Given the absence of evidence in the record supporting any exertional limitations suffered by plaintiff, the ALJ gave him the benefit of the doubt in finding that plaintiff was able to perform a modified range of unskilled, repetitive, routine light work, with no climbing of ladders, scaffolds, or ropes. Tr. 19. Regardless, I find that the ALJ adequately considered both the physical and mental limitations of record.

Finally, plaintiff argues that the ALJ erred in finding that he was able to perform his past relevant work as a parking lot attendant. Plaintiff relies on the statement of the vocational expert that the job of parking lot attendant was "a little" more

complex than routine, repetitive work. Tr. 444. However, the vocational expert also confirmed that the job of parking lot attendant was unskilled work and testified that a hypothetical person with plaintiff's limitations would be able to perform this job. Tr. 444. Therefore, I find no error.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this __14__ day of November, 2005.

                                 /s/ Ann Aiken
                                   Ann Aiken
                               United States District Judge